**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| DOROTHY NKAFU,<br><br>Petitioner,<br><br>v.<br><br>ROBERT LYNCH, *Field Office Director, Detroit Field Office, U.S. Immigration and Customs Enforcement, et al.*,<br><br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-827<br><br>Judge Matthew W. McFarland |

---

**ORDER AND OPINION**

---

This matter is before the Court on Petitioner Dorothy Nkafu's Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, and the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED AS MOOT**.

**BACKGROUND**

Petitioner Dorothy Nkafu is a Cameroonian national who entered the United States near San Ysidro, California in February 2025. (Petition, Doc. 1, ¶¶ 1, 18.) U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner at the Butler County Jail in Butler County, Ohio, and subsequent to the filing of the Petition, moved her to a facility in Louisiana. (*Id.* at ¶ 1; Notice, Doc. 3, Pg. ID 57.) According to the Petition, ICE

intends to remove Petitioner to Equatorial Guinea on August 19, 2026. (Petition, Doc. 1, ¶ 1.) Petitioner "fears removal to Equatorial Guinea because she is a lesbian and also expressed concern that she could be removed onward to Cameroon." (*Id.* at ¶ 32.)

On August 17, 2026, Petitioner filed an Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) against the following Respondents: Robert Lynch, the Field Office Director for ICE's Detroit Field Office; Richard K. Jones, the Sheriff of Butler County, Ohio; David J. Venturella, the Acting Director of ICE; and Markwayne Mullin, the Secretary of the United States Department of Homeland Security. (Petition, Doc. 1, ¶¶ 8–11.) Petitioner brings two claims against Respondents: (1) violation of Petitioner's Fifth Amendment right to procedural due process, and (2) violation of Petitioner's Fifth Amendment right to substantive due process. (*Id.* at ¶¶ 37–45.) Petitioner argues that "Respondents should not execute the proposed removal to Equatorial Guinea on the present record before [her] expressly stated fear has been addressed through the legally applicable process." (*Id.* at ¶ 42.) Petitioner also argues in the alternative that, "[t]o the extent Respondents claim authority to remove [her] summarily to Equatorial Guinea based solely on generalized third-country arrangements or assurances, without individualized consideration of her asserted risk, such action would be arbitrary in the constitutional sense and would threaten a protected liberty interest of the most serious kind." (*Id.* at ¶ 44.)

After filing her Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), requesting that the Court enter "an immediate order prohibiting her removal from the United States." (Emergency

Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 2, Pg. ID 53.)

**LAW & ANALYSIS**

The Court's analysis begins and ends with the preliminary question of jurisdiction. As federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," they "have an independent obligation to determine whether subject-matter jurisdiction exists." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

To begin, in enacting 8 U.S.C. § 1252(g) through the REAL ID Act, Congress limited the jurisdiction of federal courts as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). "In the REAL ID Act, Congress decided that, as a matter of public policy, [federal courts] do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order." *Rranxburgaj v. Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020). This holds true "whether or not [federal courts] agree with ICE's decision to execute [a petitioner's] removal order." *Id*. Similarly, given § 1252(g)'s language as to commencing proceedings and adjudicating cases, this jurisdictional bar also extends to situations in which a petitioner is notified that he or she must "voluntarily depart or face deportation." *Ene v. Phillips*, 99 F. App'x 642, 643 (6th Cir. 2004).

The plain language of 8 U.S.C. § 1252(g) therefore limits jurisdiction as it relates to claims arising from the commencement of removal proceedings, adjudication of such cases, or the execution of removal orders—even when jurisdiction would otherwise be proper under federal question jurisdiction, mandamus jurisdiction, or "any other provision of law." *See Elgharib v. Napolitano*, 600 F.3d 597, 607 (6th Cir. 2010); *see also Karki, et al. v. Jones, et al.*, No. 25-CV-281, 2025 WL 1638070, at *7 (S.D. Ohio June 9, 2025). By its terms, this statutory limitation also applies to habeas relief under 28 U.S.C. § 2241, which would typically provide jurisdiction over cases where an alien is held in custody in violation of the Constitution or the laws of the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

That said, certain applications of § 1252(g) may potentially cause tension with the Suspension Clause. As the Framers enshrined in the Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. To successfully contest the constitutionality of this statute on Suspension Clause grounds, two things must be true: (1) the petitioner must be seeking "core" habeas relief; and (2) there is no adequate substitute to effectively test petitioner's detention. *Hamama v. Adducci*, 912 F.3d 869, 875–76 (6th Cir. 2018).

The Petition in this matter solely challenges Petitioner's removal from the United States, as it seeks "preliminary and permanent relief sufficient to ensure that Petitioner is not removed to Equatorial Guinea or another previously undesignated third country without constitutionally adequate notice, a meaningful opportunity to present a country-

specific protection claim, and a meaningful opportunity for judicial review." (Petition, Doc. 1, Pg. ID 12.) The Court therefore lacks subject matter jurisdiction over Petitioner's claims.

In reaching this conclusion, the Court is guided by the seminal precedent on this issue: *Hamama v. Adducci*, 912 F.3d 869 (6th Cir. 2018). In *Hamama*, the Sixth Circuit found that "the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review." 912 F.3d at 874. The Sixth Circuit proceeded to explain why the district court's "broad, novel, and incorrect application of the Suspension Clause" was misguided for "at least two" independent reasons. *Id*. at 875.

First, the Sixth Circuit found that the petitioners in *Hamama* were not seeking a "core remedy" of habeas relief through their removal-based claims; thus, such relief was not protected by the Suspension Clause. *Hamama*, 912 F.3d at 875–76. "The traditional remedy provided by habeas is removing the injury of unjust and illegal confinement." *Id.* at 875 (quotation omitted). As the petitioners neither sought—nor were granted—release from custody, the Sixth Circuit concluded that habeas relief was not implicated. *Id*. Specifically, "'the nature of the relief sought by the habeas petitioners suggest[ed] that habeas is not appropriate in these cases' because 'the last thing petitioners want is simple release' but instead a 'court order requiring the United States to shelter them.'" *Id.* (quoting *Munaf v. Geren*, 553 U.S. 674, 693–94 (2008)).

Second, the Sixth Circuit explained that "[e]ven if the relief Petitioners seek was available under the common-law writ, Petitioners' Suspension Clause claim would fail

for the independent reason that Congress has provided an adequate alternative as applied to them." *Hamama*, 912 F.3d at 876. This is significant because "Congress does not suspend the writ when it strips the courts of habeas jurisdiction so long as it provides a substitute that is adequate and effective to test the legality of a person's detention." *Id.* (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). The Sixth Circuit found that the alternative method of review—filing a motion to reopen with the ability to appeal the decision to the federal appellate court—proved adequate. *Id.* at 876–77. Though the petitioners argued that this alternative would be inadequate as applied to them, the Court disagreed since they had years to file their motions to reopen and the ability to pursue stays of removal while seeking relief. *Id.*

Courts throughout the Sixth Circuit have faithfully applied *Hamama* as a bar to judicial review of the execution of removal orders. For instance, the District Court for the Eastern District of Michigan has frequently denied similar requests to stay removal orders in light of *Hamama*'s controlling precedent. *See, e.g.*, *Al Shimary v. Rayborn*, No. 2:24-CV-11646, 2024 WL 3625169, at *2 (E.D. Mich. July 31, 2024); *Kazan v. Sessions*, No. 18-CV-11750, 2023 WL 2347069, at *2–3 (E.D. Mich. Mar. 3, 2023); *Portillo v. Wolf*, No. 2:20-CV-12730, 2020 WL 6130880, at *2 (E.D. Mich. Oct. 19, 2020); *El Moustrah v. Barr*, No. 19-CV-13549, 2020 WL 1473305, at *2 (E.D. Mich. Mar. 25, 2020). More recently, this Court has found the same. *See, e.g.*, *Bartolon v. Bondi*, 813 F. Supp. 3d 811, 819–21 (S.D. Ohio 2025); *Karki, et al. v. Jones, et al.*, No. 1:25-CV-281, 2025 WL 1638070, at *7 (S.D. Ohio June 9, 2025); *Abdugoniev v. Bondi, et al.*, No. 1:25-CV-133, 2025 WL 2772934 (S.D. Ohio Sept. 26, 2025). Not to mention, the Sixth Circuit has reaffirmed its reliance on *Hamama*. *See, e.g.*,

*Karki v. Jones*, No. 25-3440, 2025 U.S. App. LEXIS 20660, *6–10 (6th Cir. Aug. 13, 2025); *Rranxburgaj v. Wolf*, 825 F. App'x 278, 282 (6th Cir. 2020).

Each of Petitioner's claims arise squarely under the executive branch's power to "commence proceedings, adjudicate cases, [and] execute removal orders" and are thus not subject to judicial review by this Court. 8 U.S.C. § 1252(g). Like in *Hamama*, the Petition here does not seek simple release from unlawful detention but instead asks the Court to enjoin Petitioner's removal and to essentially "shelter" her—requests which fall outside the scope of core habeas relief. 912 F.3d at 875; *see also Puerto-Hernandez v. Lynch*, No. 1:25-CV-1097, 2025 WL 3012033, at *5 (W.D. Mich. Oct. 28, 2025) (finding that the Suspension Clause does not apply and that § 1252(g) precludes jurisdiction over removal-based claims). Thus, the Court lacks subject matter jurisdiction over the Petition; for this reason, the Petition must be dismissed.

The Court also notes that while Petitioner's counsel prepared and signed the Petition, they did not verify it under penalty of perjury, as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Petition, Doc. 1.) The Petition's lack of verification is an additional ground for its dismissal. *See Centeno v. U.S. Immigr. & Customs Enf't*, No. 1:26-CV-247, 2026 WL 1095167, at *2 (S.D. Ohio Apr. 22, 2026).

**CONCLUSION**

For the foregoing reasons, the Court declines to review the merits of the Petition due to the Court's lack of jurisdiction over this removal-based action, as well as Petitioner's failure to verify the Petition. Accordingly, the Court **ORDERS** the following:

1) The Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**;
2) The Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED AS MOOT**; and
3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ______________________________
JUDGE MATTHEW W. McFARLAND